# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

LAWRENCE CARL ALLEN, JR.,

    Plaintiff,

    v.                                    **Case No. 20-CV-934-SCD**

CHAD GENDREAU, et al.

    Defendants.

## ORDER DISMISSING COMPLAINT

Lawrence Carl Allen, Jr., is currently incarcerated at the Milwaukee Secure Detention Facility. *See* ECF No. 6. Proceeding without the assistance of counsel, on June 22, 2020, Allen filed this lawsuit against Chad Gendreu, an administrative law judge (ALJ) with the Social Security Administration. *See* ECF No. 1. The complaint also includes a handwritten page that appears to raise allegations against other individuals. On July 29, 2020, Allen paid an initial partial filing fee of $2.19. *See* 28 U.S.C. § 1915(b)(1).

Allen's complaint is difficult to read. As best as I can tell, Allen alleges that he injured his back while he was in jail in the early 2000s and that jail staff were negligent in responding to and treating his injury. *See id.* at 6. Allen claims that this back injury, as well as a severe mental impairment, preclude him from working, so he applied for Social Security benefits. *See id.* at 4, 6. Apparently, ALJ Gendreu denied his claim. Allen also alleges that he was wrongfully convicted of a crime in Kenosha, Wisconsin, in September 2011. *See id.* at 6. For all these alleged harms, he is seeking $13,000,000 in damages. *See id.* at 4–5.

Based on my reading of the complaint, it appears that Allen is attempting to improperly bring unrelated claims in a single case: there are claims against the Social Security ALJ, as well as against prison staff. "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). As the Seventh Circuit explained, "[u]nrelated claims against different defendants belong in different suits . . . to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.* Moreover, joinder of multiple defendants into one action is proper only if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Allen's complaint violates Rules 18 and 20 insofar as it advances unrelated claims against multiple (potential) defendants. Allen therefore may not proceed on the original complaint. *See George*, 507 F.3d at 607 ("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner."). Nevertheless, Allen will be allowed to file an amended complaint in this case incorporating only properly related claims; he may bring any unrelated claim not pursued in this case in a separate action.

Because an amended complaint supersedes a prior complaint, *see Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998), Allen is advised that any matters not set forth in the amended complaint are, in effect, withdrawn. If Allen files an amended complaint, it will become the operative complaint in this action, and I will screen it in accordance with 28 U.S.C. § 1915 or 28 U.S.C. § 1915A.

Further, Allen is advised that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994)). Moreover, "Section 1983 does not create collective or vicarious responsibility. Supervisors are not liable for the errors of their subordinates." *Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992) (citing *Riordan v. Kempiners*, 831 F.2d 690, 695 (7th Cir. 1987); *Soderbeck v. Burnett County*, 752 F.2d 285, 293 (7th Cir. 1985)). Thus, with respect to any claim or claims advanced in his amended complaint, Allen must identify the individual defendants and specify how their actions, or failure to take action, violated his constitutional rights.

For all the foregoing reasons, Allen's complaint, ECF No. 1, is **DISMISSED**. Allen may have until **August 31, 2020**, to file an amended complaint that contains only related claims, as described in this order. If Allen fails to file an amended complaint by that date, this action may be dismissed for failure to prosecute.

 **SO ORDERED** this 4th day of August, 2020.

_____
STEPHEN C. DRIES
United States Magistrate Judge

3